UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMIEN CRUMELL,

                    Plaintiff,

          -against-                                        23-CV-2042 (LTS)

THE CITY OF NEW YORK, ET AL.,                              ORDER TO AMEND

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking both the court's federal

question jurisdiction and diversity of citizenship jurisdiction. By order dated March 14, 2023, the

Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. For the reasons set forth below, Court grants Plaintiff leave to file an

amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

Plaintiff's list of defendants is lengthy and difficult to read, but appears to include, among

others, the City of New York "and all other states and people from all around the world that

think to kill or assasinate me so they can avoid paying or compensating me" (ECF 1, at 1),

NYPD Sergeant Buckly, Sergeant Stringer, Oneonta NY Housing Authority, Heather Lawson,

White Roger, Cathy MicGillis, New York City Police Department, New York City Law

Department, New York City District Attorney, DCAS Investigations Unit, "Legal Aid

Society/Bar Association," UPS, FedEx, DNH, and Dollar General in Oneonta, New York.

In response to the question on the complaint form asking which of his federal

constitutional or federal statutory rights have been violated, Plaintiff writes, "all my legal rights

was violated and I suffered lots of defamation, emotional distress, domestic violence,

harassment, stalking, favortism and everything else[,] sexual assault, intimidation[,] civil rights

lawsuit and all my constitutional rights and statute of limitations was violated." (*Id.* at 2.)[1]

In each of the sections of the complaint form asking him to state the facts that support his

case, describe his injuries, and state the relief he is seeking, Plaintiff directs the Court to "see

attachment A, B, C, D." (*Id.* at 6, 7.)

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court generally uses
standard capitalization when quoting from the complaint. Unless otherwise indicated, all other
grammar, spelling, and punctuation are as in the original.

Plaintiff attaches to the complaint form 131 additional pages, most of which consist of

lists of people, addresses, dates, and short descriptions of events involving Plaintiff. For

example:

> NYPD Exam: 7325
> Police Communication Technician
> List: 794
> Investigator: Jenkins set me up and stole or took all my money
>
> NYPD Exam: 8316
> Traffic Enforcement Agent
> List: 831
> Investigator: Carin Gallium set me up and stole or took all my money . . .
>
> Someone framed me
>
> Someone tried to make it look or seem like I was a bad person so they can have an
> excuse not to pay me anything
>
> Several people tried to set me up and to have me killed so I won't be able to sue
> or file a lawsuit against them

(*Id.* at 10.)

Plaintiff states,

> I want to sue and file a lawsuit against everyone below that stole my money
>
> NYPD Investigator MENDOZA
> NYPD Detective BOBBY
> NYPD Detective MANNY
> NYPD Investigator JENKINS
> NYPD Investigator GALLIUM
> NYPD Investigator SERGEANT BUCKLEY from the New York City Police
> Department
>
> Oneonta NY
> Sergeant Stringer
>
> 2020
> DSCAS Investigations unit
> 1 Centre St 17th Floor, New York, NY 10007
> Ashley Cargill (DCAS)
> acargill@dcas.nyc.gov

2020 Jeffersonville Housing Authority
206 Eastern BLVD, Jeffersonville, IN 47130 . . .

2022
Department of social Services
13 Durkee St, Plattsburgh, NY 12901
Car accident after I was rejected from the Canada border . . .

2022
Beacon Housing Authority
1 Forrestal Heights, Beacon, NY 12508

Plattsburgh NY police Department set me up in the Port Authority Bus Terminal
Greyhound or Trailways on Time Square 42nd Street and at the Canada border of
2022 . . .

Tiffany Parker set me up

Kadeene Rowe
Cory Taylor
Curry
Jaffy Jack
Louisa Hernandez
Stacy Salvo
Stacy Cohan
Chris Astrada
Mic Cansie
Carolina . . .

The New York City District Attorney was working with people from the New
York City Law Department to set me up[.] Colin Kindly stole or took all my
money and sealed up the case without telling me anything.

(*Id.* at 11-12.)

In other places in the complaint, Plaintiff provides more detail about incidents that

happened to him. For example, in 2011,

Valeria tried to black male me. She got mad because I wanted her and Tracy to
leave my mothers house. She told me that if I kick her and Tracy out that she was
going to tell everyone that I tried to rape her. I got mad and told them to leave and
they left. After the both of them left, I heard a big bump against my mothers door.
I did not see which one of them kick my mothers door but I do know how a kick
to a door sound when it happens and it was either one of them or the both of them.

(*Id.* at 14.)

Plaintiff alleges that, on October 8, 2022, when he returned to New York City from

Bozeman, Montana, he was "set up" by the MTA and NYPD: "On time square 42nd street inside

the MTA subway a woman tried to provoke me by walking a unmasked male into me on the

subway platform." (*Id.* at 50.) In 2013, at Mercy College, "[t]he English teacher humiliated me in

front of the whole class and will like to seek compensation for the damages she caused. Some

also thought I stole my books when really, I purchased them off line." (*Id.* at 41.)

In the remainder of the complaint, Plaintiff describes incidents that occurred in locations

throughout the United States as far back as 2004.

Plaintiff attaches to the complaint numerous documents, including email confirmations

relating to flights and other travel arrangements, an invoice and "auction notice" from The

Storage Center, LLC in Norwich, New York, and communications with the Social Security

Administration, among other documents.

Plaintiff does not state the relief he seeks.

On March 16, 2023, the Court received a letter from Plaintiff in which is he lists another

59 "places that set [him] up and discriminated against [him] and owe [him] money." (ECF 4, at

1.) Those other "places" include JFK Airport, "NYC One [P]olice [P]laza," "Upper West

Manhattan zip code 10024," Dominos, Saint Judith Children, Bank of America, "Plenty of

fish.com," Hope Depot, "Long yellow school buses," and Gmail. (*Id.* at 1-4.) On March 20,

2023, March 22, 2023, and April 3, 2023, the Court received three additional letters from

Plaintiff that are similar in style and substance to his previous submissions. (*See* ECF 5, 6, 7.)

## DISCUSSION

**A.      Rule 8 and Rule 20 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id.*

Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's

statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin*

*v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim

"should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on

the court and the party who must respond to it because they are forced to select the relevant

material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d

Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a

labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also*

*The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of*

*Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-

3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have

dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue

unrelated claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2)

("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted

against them jointly, severally, or in the alternative with respect to or arising out of the *same*

*transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or

fact *common to all defendants* will arise in the action.") (emphasis added)); *e.g., Peterson v.*

*Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence

of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was

injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the

same lawsuit pursuant to Rule 20(a).'") (alterations in original) (quoting *Deskovic v. City of*

*Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)).

Here, the complaint fails to comply with Rule 8 and Rule 20. Plaintiff's 141-page

complaint does not include a short and plain statement showing that he is entitled to relief. His

allegations, which are often simply lists of people and places that he alleges harmed him, do not

suggest any viable legal claim. Moreover, the complaint does not suggest that any questions of

law or fact are common to the numerous named defendants. The complaint therefore fails to state

a claim on which relief may be granted. The Court grants Plaintiff 60 days' leave to replead a

plausible claim in an amended complaint. [2]

---

[2] The Court notes that the complaint includes allegations regarding events that occurred
in states across the country. Plaintiff is advised that under the general venue statute, 28 U.S.C.
§ 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred . . . ; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is
domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

**B.      Subject Matter Jurisdiction**

If Plaintiff files an amended complaint, he must include allegations showing that the

Court has subject matter jurisdiction of his claims. The subject matter jurisdiction of the federal

district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these

statutes, federal jurisdiction is available only when a "federal question" is presented or when

plaintiff and defendant are citizens of different states and the amount in controversy exceeds the

sum or value of $75,000. "'[I]t is common ground that in our federal system of limited

jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the

question of whether the court has subject matter jurisdiction.'" *United Food & Commercial*

*Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298,

301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711

F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by

the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of

---

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28
U.S.C. § 1391(c)(1), (2).

federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). If Plaintiff invokes the Court's federal question jurisdiction in his amended complaint, he should state the federal statutory or federal constitutional basis of his claims, and he must allege facts establishing a cause of action under federal law.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege facts showing that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff invokes the Court's diversity of citizenship jurisdiction, but the complaint does not demonstrate that the Court has diversity jurisdiction of his claims. Plaintiff alleges that he resides in New York State. Although he does not allege the citizenship of any of the defendants, some defendants, such as the City of New York, are also citizens of New York, therefore defeating diversity of the parties. If Plaintiff invokes the Court's diversity jurisdiction in his amended complaint, he must allege that he and defendants are citizens of different states and facts suggesting that his claims are in excess of $75,000.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff

may be able to allege facts to state a viable claim, the Court grants Plaintiff 60 days' leave to

amend his complaint to detail his claims. The amended complaint must contain a short and plain

statement showing that Plaintiff is entitled to relief and may not include unrelated claims against

multiple defendants. Plaintiff must also allege facts demonstrating that this Court has subject

matter jurisdiction of his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-2042 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     April 13, 2023
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

                            -against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.   The names
listed in the above caption must be identical to those contained in
Part I.   Addresses should not be included here.)*

____ Civ. _____ ( ____ )

**AMENDED
COMPLAINT**

Jury Trial:   □ Yes      □ No

(check one)

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff         Name  _____
                  Street Address  _____
                  County, City _____
                  State & Zip Code  _____
                  Telephone Number  _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                1

Defendant  No. 1        Name  _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name  _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name  _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name  _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


**II.      Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions                    ☐ Diversity of Citizenship


B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

        _____

        _____


C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____

        _____


*Rev. 12/2009*                                         2

**III.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts:  _____

_____

| What<br>happened<br>to you? |
| :--- |

_____

_____

_____

_____

| Who did<br>what? |
| :--- |

_____

_____

_____

_____

| Was anyone<br>else<br>involved? |
| :--- |

_____

_____

| Who else<br>saw what<br>happened? |
| :--- |

_____

_____

_____

_____

**IV.     Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

*Rev. 12/2009*                                                  3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                    Signature of Plaintiff    _____

                    Mailing Address           _____

                                                _____

                                                _____

                    Telephone Number         _____

                    Fax Number *(if you have one)*   _____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                    Signature of Plaintiff:   _____

                    Inmate Number            _____

*Rev. 12/2009*                                      4



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
UJA Federation
of New York